IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **KENNETH GREENE, JR.,** | : | |
| **Plaintiff,** | : | |
| VS. | : | Case No. 7:25-cv-64-LAG-ALS |
| **Warden ROY ODOM,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER & RECOMMENDATION

Plaintiff Kenneth Greene, Jr., a prisoner at Valdosta State Prison in Valdosta, Georgia, filed a civil rights Complaint under 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). As discussed below, Plaintiff's motion to proceed IFP is **GRANTED**. Therefore, his Complaint is ripe for preliminary review. On that review, Plaintiff will be allowed to proceed for further factual development on his conditions of confinement claims against Defendants Warden Roy Odom, Deputy Warden Charlie Marcus, Unit Manager Delisha Bryant, and Unit Manager Tanya Baker. It is **RECOMMENDED**, however, that Plaintiff's due process claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

---

[1] When he filed the complaint, Plaintiff indicated that he was in Valdosta State Prison in Valdosta, Georgia. (Doc. 1, at 1). A review of the Georgia Department of Corrections Inmate Search now shows that Plaintiff is incarcerated at Smith State Prison in Glennville, Georgia. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/CU79-DQFD] (searched "Greene, Kenneth) (last visited August 21, 2025). Out of an abundance of caution, the Clerk is **DIRECTED** to forward Plaintiff's service copy of this Order and Recommendation to him at both Valdosta State Prison and Smith State Prison. The Court **ADVISES** Plaintiff that it is his responsibility to keep the Court informed as to his current address. His failure to do so will constitute a failure to prosecute this case, which may result in the case being dismissed.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His motion to proceed *in forma pauperis* (Doc. 2) is therefore **GRANTED.**

However, a prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets in his trust account, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has

been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff must pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the

Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the

4

complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.     Factual Allegations

In his Complaint, Plaintiff asserts that, on March 5, 2025, Lieutenant Edwards, Officer Daniels, and Officer Dunlop sent Plaintiff to segregation. (Doc. 1, at 5). When Plaintiff reached the segregation unit, Lieutenant Edwards told Plaintiff that he had to be put into the "J-1 cage" with two other inmates due to overcrowding. *Id.* Plaintiff asserts that the cage was dirty, had no running water or toilet, and left Plaintiff in view of all the other inmates in the J-1 unit. *Id.*

Plaintiff remained in the J-1 cage until March 8, 2025, when Officer Howard and Lieutenant Gilliam moved Plaintiff to another cage in the K-1 unit. *Id.* at 5-6. Plaintiff contends that he was moved due to his mental health but that the cage in the K-1 unit was smaller than the one in the J-1 unit. *Id.* at 6. According to Plaintiff, the K-1 cage was eight or nine feet tall and three to four feet wide with no toilet or running water. *Id.* Plaintiff also states that feces, urine, and trash were on the floor of the K-1 cage. *Id.*

Plaintiff remained in the K-1 cage until March 19, 2025. (Doc. 1, at 6). Plaintiff states that, not only did the J-1 and K-1 cages lack running water or a toilet, neither cage had a bed. *Id.* He further alleges that he was not given the opportunity to shower and he was required to use the restroom in front of fifty other inmates while he was held in the cages. *Id.* Plaintiff contends that he spoke to Defendants Warden Roy Odum, Deputy Warden of Security Charlie Marcus, Deputy Warden/Unit Manager Delishia Bryant, and Unit Manager Tanya Baker about the conditions in the cages during this time, but that none of them took any action to remove him from the cages or

improve his living conditions. *Id.* Plaintiff asserts that these Defendants violated his Eighth and Fourteenth Amendment rights by keeping him in the cages. *Id.* at 6-7.

    III.    <u>Plaintiff's Claims</u>

        A.    *Cell Sanitation Claims*

Plaintiff's allegation about the sanitation in his cell is a challenge to the conditions of his confinement arising under the Eighth Amendment. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (observing that a state is obligated to care for an inmate's "basic human needs" (citation omitted)); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) (prison officials may violate Eighth Amendment "if they fail to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation").The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." The Supreme Court of the United States has held that prison conditions violate the Eighth Amendment when they "involve the unnecessary and wanton infliction of pain," or when they "are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quotation marks omitted) (citation omitted).

Evaluating an Eighth Amendment conditions of confinement claim requires the Court to consider both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" enough to "constitute a denial of the 'minimal civilized measure of life's necessities[.]'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks

omitted), or if "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling*, 509 U.S. at 36.

To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304; *Wilson*, 452 U.S. at 303. To establish deliberate indifference, a plaintiff must plausibly allege that the defendant (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (citations omitted). To show subjective recklessness as used in the criminal law, a plaintiff must allege "that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Id.* at 1262. However, even a defendant who actually knows "of a substantial risk of inmate health or safety . . . cannot be found liable under the" Eighth Amendment if he "responded reasonably to the risk." *Id.* (quoting *Farmer*, 511 U.S. at 844-45).

Plaintiff's allegations relating to the conditions of his confinement are that, for two weeks, he was housed in the J-1 and K-1 cages without a bed, running water, or a toilet. Plaintiff also asserts that he was required to use the restroom in view of other inmates. Plaintiff asserts that, for eleven days, the cage that he was held in had feces, urine, and trash on the floor. Finally, Plaintiff asserts that he was not provided with a shower during this time.

The United States Court of Appeals for the Eleventh Circuit has recognized that "the deprivation of basic sanitary conditions can constitute an Eighth Amendment violation." *Brooks v. Warden*, 800 F.3d 1295, 1304 (11th Cir. 2015) (collecting cases from other circuits relating to conditions of confinement claims based on lack of hygienic conditions). Plaintiff asserts that he

7

spoke to each of the named Defendants about these conditions but that the conditions continued. Plaintiff sufficiently alleges that he was denied sanitary conditions and that Defendants were deliberately indifferent to allow him to proceed past the preliminary review stage. Taking Plaintiff's allegations as true at this stage of the proceedings, as the Court must, Plaintiff has alleged enough to state claims that his conditions were objectively serious to rise to the level of constitutional violations. Thus, Plaintiff will be permitted to proceed for further factual development on his conditions of confinement claims against Defendants Warden Roy Odom, Deputy Warden Charlie Marcus, Unit Manager Delisha Bryant, and Unit Manager Tanya Baker.

### B.     *Fourteenth Amendment Due Process Claims*

Plaintiff also asserts that his Due Process rights were violated when he was kept in the cages. To state a claim for denial of due process, a plaintiff must allege that he was deprived of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law"). To state a due process claim, a prisoner must allege more than that he has been confined in segregation without due process. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (noting that the "punishment of incarcerated prisoners . . . effectuates prison management and prisoner rehabilitative goals" and that discipline "by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law"). Due process protections are only evoked in cases where the change in conditions is so severe that it (1) essentially exceeds the sentence imposed by the court of conviction or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Confinement in administrative segregation does not impose an "atypical [and] significant deprivation" on a prisoner if the conditions of his confinement mirror the general prison population

conditions. *Id.* at 486.

Assuming that Plaintiff's allegations regarding the conditions in the cages are sufficient to show an atypical and significant hardship, Plaintiff does not allege any facts to show that he was put in segregation without due process. Specifically, Plaintiff does not state why he was placed in segregation, nor does he state that he was denied notice or an opportunity to be heard regarding this placement. Moreover, Plaintiff does not allege any facts suggesting that Defendants were involved in deciding to put him in segregation or in the cages; rather, he claims they failed to remove him from the cages after learning of the conditions. Thus, Plaintiff's allegations do not state due process claims against Defendants, and it is **RECOMMENDED** that Plaintiff's due process claims be **DISMISSED WITHOUT PREJUDICE**.

IV. Conclusion

For the foregoing reasons, Plaintiff's conditions of confinement claims against Defendants Warden Roy Odom, Deputy Warden Charlie Marcus, Unit Manager Delisha Bryant, and Unit Manager Tanya Baker shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's due process claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall

do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. *See* M.D. Civ. L.R. 7.4. Failure to object in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff made colorable constitutional violation claim against Defendants **Warden ROY ODOM, Deputy Warden CHARLIE MARCUS, Unit Manager DELISHA BRYANT**, and **Unit Manager TANYA BAKER**, it is **ORDERED** that service be made on said Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed

and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion

by Defendant (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendant and granted by the Court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible after discovery begins, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED,** this 22nd day of August, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE