# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| KENNETH GREENE, JR., | : |
| Plaintiff, | : |
| v. | : Case No. 7:25-cv-64-LAG-ALS |
| Warden ROY ODOM, *et al.*, | : |
| Defendants. | : |

## ORDER

Before the Court are Plaintiff's motion to appoint counsel (Doc. 6) and motion for leave to amend his complaint. (Doc. 7). For the reasons which follow, Plaintiff's motion to appoint counsel is denied, and his motion for leave to amend is denied as moot.

### Motion to Appoint Counsel

Plaintiff claims that appointed counsel is necessary because he cannot afford counsel, his imprisonment will limit his ability to litigate this matter, the issues are complex, he has limited to no access to the law library with little knowledge of the law, and a trial in this case will likely involve conflicting testimony. (Doc. 6).

A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a 42 U.S.C. § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances,

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under 28 U.S.C. § 1915).

such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers:

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and – after applying the factors discussed above – concludes that appointed counsel is not justified. Despite Plaintiff's claims of limited knowledge or experience in the law, he adequately presented his claims such that his claims survived frivolity screening without being ordered to recast them, he was granted *in forma pauperis* status, and the Court ordered service on the four individuals that Plaintiff named as Defendants. (Docs. 1, 4). It thus appears to the Court that Plaintiff – at this time – has the ability to present his case to the Court. Should it subsequently become apparent that appointed counsel is necessary to protect Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Accordingly, Plaintiff's motion to appoint counsel is denied.

**Motion to Amend**

Plaintiff seeks leave to amend his complaint because "since the filing of the complaint[,] Plaintiff . . . has determined that . . . more violations" were committed by Defendants. (Doc. 7, at 1). A plaintiff may file an amended complaint once as a matter of course no later than twenty-one

days after service of the original complaint or twenty-one days after the defendant's service of a responsive pleading or Rule 12 motion to dismiss. Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff is required to obtain leave of court or the opposing party's consent. Fed. R. Civ. P. 15(a)(2). Plaintiff has not amended his complaint, and his motion to amend was filed prior to service of the original complaint or service of a responsive pleading. Therefore, under district precedent, this motion to amend does not count toward Plaintiff's one amendment as a matter of course, and he may amend his complaint at any time before service of his complaint. *See Scott v. Macon-Bibb Cnty., Ga.*, No. 5:21-cv-239-MTT, 2023 WL 3727509, at *1 n.1 (M.D. Ga. May 30, 2023) (noting "the window for filing an amended complaint as a matter of course had not yet opened" prior to service of the original complaint); *Maldonado v. Ford*, No. 5:19-cv-421-MTT, 2021 WL 2689837, at *1 (M.D. Ga. June 30, 2021) (finding as persuasive the conclusion of other courts that "the window for amendment as a matter of course might not *open* until the responsive pleading or motion is served"). Because the original complaint has yet to be served on any party, Plaintiff may amend his complaint without leave of Court. Consequently, Plaintiff's motion for leave to amend (Doc. 7) is denied as moot.

## Conclusion

For the reasons stated above, Plaintiff's motion to appoint counsel (Doc. 6) is **DENIED**, and Plaintiff's motion for leave to amend his complaint (Doc. 7) is **DENIED as moot**.

**SO ORDERED**, this 29th day of September, 2025.

s/ **ALFREDA L. SHEPPARD**<br>UNITED STATES MAGISTRATE JUDGE